UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MKILA JOHN TENGARA KOKO and<br>HAMMAD MUSA ELAHMER KOUARI<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>STATE; MARCO RUBIO[1], SECRETARY<br>OF STATE; U.S. EMBASSY CAIRO;<br>HERRO MUSTAFA GARG, U.S.<br>AMBASSADOR TO THE ARAB<br>REPUBLIC OF EGYPT<br><br>Defendants. | No. 24-CV-00904<br><br>PLAINTIFFS' JOINT<br>STIPULATION TO<br>STAY PROCEEDINGS |

## PLAINTIFFS' JOINT STIPULATION TO STAY PROCEEDINGS

Plaintiffs, together with Defendants, pursuant to Fed. R. Civ. P. 6, hereby jointly stipulate and move to stay these proceedings pending a resolution concerning the effects of Executive Order 14163 and Presidential Proclamation 10949 on this litigation.

Plaintiffs bring this lawsuit pursuant to, *inter alia*, the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555, 706, and the Mandamus Act, 28 U.S.C. § 1361, to compel Defendants to complete their adjudication of the following to join process for Plaintiffs' approved Form I-730, Refugee/Asylee Relative Petition. For good cause, the parties request that this case be held in abeyance until a resolution is reached regarding the impact of Executive Order 14163 and Presidential Proclamation 10949 on the issues presented in this litigation.

---

[1] Caption updated to substitute Marco Rubio as Secretary of State pursuant to FRCP 25(d).

Courts have "broad discretion" to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also* Fed. R. Civ. P. 1.

On January 20, 2025, the President of the United States issued Executive Order ("E.O.") 14163 entitled "Realigning the United States Refugee Admissions Program." Presidential Actions, Executive Order, Jan. 20, 2025, Realigning the United States Refugee Admissions Program, available at https://www.whitehouse.gov/presidential-actions/2025/01/realigning-the-united-states-refugeeadmissions-program/ (last visited July 30, 2025). Section 1 of the E.O. suspends the U.S. Refugee Admissions Program ("USRAP") "until such time as the further entry into the United States of refugees aligns with the interests of the United States." Section 3(a) of the E.O. suspended entry of refugees into the United States under the USRAP as of January 27, 2025. Subsequent to the issuance of this E.O., the Department of State suspended travel eligibility determinations conducted by Consular Officers at U.S. Consulates and Embassies abroad for follow-to-join refugees.

On June 4, 2025, the President of the United States issued Presidential Proclamation ("Proclamation") 10949, entitled "Restricting the Entry of Foreign Nationals to Protect the United States from Foreign Terrorists and Other National Security and Public Safety Threats," suspending the entry into the United States of nationals from a list of designated countries that, according to the Government, lack adequate vetting and security systems, including nationals of Sudan. Presidential Actions,

Proclamation, June 4, 2025, Restricting The Entry Of Foreign Nationals To Protect The United States From Foreign Terrorists And Other National Security And Public Safety Threats, available at https://www.whitehouse.gov/presidential-actions/2025/06/restricting-the-entry-of-foreign-nationals-to-protect-the-united-states-from-foreign-terrorists-and-other-national-security-and-public-safety-threats/ (last visited July 30, 2025).

As Plaintiffs have previously advised this Court, both the Executive Order and the Proclamation contain a case-by-case waiver procession. At the July 2, 2025 oral argument hearing before this Court on the Plaintiffs' Motion for Summary Judgment, the Court held argument on the Motion in abeyance, while the parties determined the process for Plaintiffs to apply for the available waivers. Subsequent to that hearing, Defendants have asserted to Plaintiffs that the waivers set forth in both the Executive Order and the Presidential Proclamation exist for the government to initiate or institute in order to waive their application in the government's discretion to certain aliens as identified by the government, and that there is no process that a noncitizen can apply through to request an exception.

Given this impasse, and the ongoing litigation in other proceedings that may impact this proceeding, the parties respectfully request that proceedings be stayed pending further clarity regarding the scope and application of Executive Order 14163 and Presidential Proclamation 10949.

Wherefore, the parties agree and jointly respectfully request the Court to hold this case in abeyance until a resolution is reached regarding the impact of Executive Order 14163 and Presidential Proclamation 10949 on the issues presented in this litigation, and

order the parties to file a joint status report every 90 days, with the first report due on or before October 30, 2025.

Dated this 1st day of August, 2025.

Respectfully submitted,

s/ Julie Kruger

_____
JULIE KRUGER
Attorney for the Plaintiffs
Kruger Immigration Law, PLLC

s/ Adam Khalil

_____
MICHAEL DIGIACOMO
United States Attorney
Western District of New York

By: ADAM A. KHALIL
Assistant United States Attorney

*So ordered — per final paragraph above.*

*John L. Sinatra, Jr.*
*USDJ / WDNY*
*8/5/2025*